UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC<br><br>                    Plaintiff,<br><br>     v.<br><br>SNACK N GO MART d/b/a SNACK N GO MART, *et al.*,<br><br>                    Defendants. | Case No. 23-cv-0332-BAS-JLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(ECF No. 7)** |

     Before the Court is Plaintiff GS Holistic, LLC's unopposed motion for leave to file its Amended Complaint. (Mot., ECF No. 7; Am. Compl., Ex. 1 to Mot., ECF No. 7-1.) The Amended Complaint mirrors the initial Complaint in the sense that it contains the same factual allegations concerning the events that give rise to this trademark-infringement action. (*Compare* Compl. *with* Am. Compl.; *see also* Mot. ¶¶ 3–5.) The amendments Plaintiff proffers are to (1) substitute Defendant Snack N Go Mart for Defendant Shaba Family Inc, which does business as Snack N Go Mart, and (2) substitute the Doe Defendant for Defendant Ghassan A. Shaba, the owner and operator of Snack N Go Mart. (Mot. ¶¶ 3–5.)

     Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend a pleading "when justice so requires." While courts exercise broad

discretion in deciding whether to allow leave to amend, they have generally adopted a policy favoring amendment. *See DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1980)).  Indeed, "courts have interpreted Rule 15(a) liberally, allowing plaintiffs to . . . add or substitute defendants" under the provision. *Cf. Green v. Mattingly*, 07 CV 1790 (ENV) (CLP), 2008 WL 11438076, at *2 (E.D.N.Y. Feb. 21, 2008); *Tello v. Permanente*, CV 18-07380-AB (PJWx), 2020 WL 2510683, at *9 (C.D. Cal. Feb. 12, 2020) (identifying Rule 15(a)(2) as the appropriate mechanism for substitution of a defendant).  Accordingly, leave generally is granted unless the court harbors concerns, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Forman v. Davis*, 371 U.S. 178, 182 (1962). None of the concerns that typically weigh against leave to amend are present here.

Accordingly, the Court finds good cause exists to allow Plaintiff's proposed amendments.  Thus, the Court:

1. **GRANTS** Plaintiff's motion for leave to amend (ECF No. 7).
2. **ORDERS** Plaintiff to file its Amended Complaint on the docket in this case in accordance with Local Civil Rule 15.1.
3. **DIRECTS** the Clerk of Court to update the caption of the case and to issue a new summons to match Defendants' names in the Amended Complaint.

**IT IS SO ORDERED.**

**DATED: July 24, 2023**

Hon. Cynthia Bashant
United States District Judge